IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP ALLEN JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:15-CV-02751-L |
| | § | |
| HUNT COUNTY, TEXAS, | § | |
| JOSHUA RICHARDSON, and | § | |
| STUART ROBERTS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for Summary Judgment (Doc. 20), filed March 7, 2016. After considering the motion, response, reply, summary judgment evidence, record, and applicable law, the court **grants** Defendants' Motion for Summary Judgment.

**I.  Background**

On August 21, 2015, Plaintiff Phillip Allen Jones ("Jones") filed this action pursuant to 42 U.S.C. § 1983 against Hunt County Sheriff's Office employees Joshua Richardson ("Richardson") and Stuart Roberts ("Roberts"), and Hunt County, Texas ("Hunt County"), alleging violations of his constitutional rights under the Fourth and Fourteenth Amendments. On November 23, 2015, Jones filed a First Amended Complaint ("Amended Complaint"), alleging that on November 20, 2014, while he was a pretrial detainee in the custody of the Hunt County Sheriff's Office, and following transport to the Hunt County Courthouse for a routine court appearance, Defendants Richardson and Roberts: (1) used excessive force while escorting him from inside the courthouse to the transportation vehicle located in the parking lot outside the courthouse; and (2) subsequently

**Memorandum Opinion and Order - Page 1**

falsely arrested him on charges of assault on a public servant. Am. Compl. ¶¶ 60-73. Jones also sues Defendant Hunt County pursuant to section 1983, alleging that it maintained a policy, practice, or custom of "excessive and unlawful force against handcuffed prisoners and denial of adequate medical care to those individuals injured at the hands of Hunt County deputies and employees." *Id.* ¶ 77. In addition, Jones alleges Hunt County failed to train its deputy sheriffs in, among other things, the use of force and the proper treatment of prisoners, pretrial detainees, and those under arrest. *Id.* ¶ 80. Jones seeks monetary damages for alleged physical injuries and pain and suffering, as well as attorney's fees and costs. *Id.* ¶¶ 88-89.

The November 20, 2014 incident about which Jones complains resulted in the issuance of two warrants for Jones's arrest on charges of assault on a public servant. Jones ultimately pled guilty to resisting arrest, search, or transportation, a lesser included offense, and was sentenced to 336 days in the Hunt County Jail. *See State v. Jones*, No. 30724 (354th Jud. Dist Ct., Hunt Cty., Tex.); *State v. Jones*, No. 30728 (354th Jud. Dist Ct., Hunt Cty., Tex.).

Defendants Richardson and Roberts have answered, asserting the defense of qualified immunity. On December 4, 2015, following a telephonic conference with the parties, the court issued an order staying discovery except with respect to the issue of qualified immunity. *See* Order (Doc. 16). On March 7, 2016, following the period of limited discovery, Defendants filed their motion for summary judgment, which has been fully briefed.

The court now sets forth the facts from the summary judgment record. In its recitations of the facts, the court applies the applicable legal standard set forth below. *See infra* Sec. II. In ruling on a summary judgment motion, the court is required to view the facts and draw reasonable

inferences in the light most favorable to the party opposing summary judgment. In this case, the evidence includes two videotapes of the events in question taken at the Hunt County Courthouse on November 20, 2014. Defs.' Summ. J. App. 101. Captured on two videotapes, the entire incident lasts approximately sixty-five seconds. Viewed in the light most favorable to Jones, the material facts are as follows:

On November 13, 2014, Jones was booked into the Hunt County Jail on multiple charges. On November 20, 2014, Jones, along with other inmates, was transported to the Hunt County Courthouse by Defendant Richardson as well as another Hunt County Sheriff's Department transport officer. Prior to leaving the jail, Jones and the other inmates were placed in leg shackles and a belly chain. Defendant Richardson instructed the inmates that they were not to talk at the courthouse unless it was to an attorney or a judge, or they would be brought back to the jail. Once inside the courthouse, the inmates walked down a hall to line up on the north side of the east corridor, with Jones being first in line. At that point, a civilian friend of Jones's named John George ("George") began speaking with Jones from across the hall. Court security officers instructed George not to speak to the inmates. When he failed to comply, he was removed from the courthouse without incident. Defendant Roberts instructed Jones to "be quiet." Jones continued to talk and used expletives directed at Roberts and other officers. Richardson then quickly approached Jones, grabbed the back of his shirt, and took him down the corridor through which the inmates had originally entered. At the doorway leading out to the parking lot, Jones resisted by planting his feet on the ground to prevent being removed from the courthouse.

**Memorandum Opinion and Order - Page 3**

At this point, Jones disputes Defendants' account of what took place on the exterior of the courthouse. *See* Pl.'s Summ. J. App. (Unsworn Decl. Under Penalties of Perjury by Phillip Jones) (Doc. 29). Jones states in his Declaration that once he was on the exterior of the courthouse, he was not resisting transportation and that all physical contact with Roberts and Richardson was unintentional. *Id.* at 13-14. Evidence submitted by Defendants, including a videotape of the entire incident viewed by the court, conflicts with Jones's Declaration. The courthouse videotape shows an approximately fifty-one second struggle outside the courthouse where Jones can be seen resisting Defendants' attempts to bring him under control on the way to the transportation vehicle. This includes Jones pushing off of a blue car with his legs, continuing to struggle, kicking at Richardson and pushing off the tire of a nearby van, and eventually being taken to the ground and the officers gaining control of him. The videotape then shows Jones being placed into the transportation vehicle.

Richardson and Roberts, as well as Jones, suffered injuries as a result of the incident. Defendants Richardson and Roberts both pressed charges against Jones based on the incident. A magistrate determined that probable cause existed and issued two warrants for Jones's arrest on the charges of assault of a public servant. Jones pled guilty to the lesser included offense of resisting arrest, search, or transportation. Under Texas law, a person is guilty of resisting arrest, search, or transportation if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest, search, or transportation by using force against the officer or another. Tex. Penal Code Ann. § 38.03.

On March 7, 2016, Defendants Hunt County, Richardson, and Roberts filed Defendants' Motion for Summary Judgment (Doc. 20), contending that: (1) all Defendants are entitled to

summary judgment because Jones failed to exhaust his administrative remedies at the Hunt County Jail as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit; (2) Defendants Richardson and Roberts are entitled to summary judgment because Jones's claims of false arrest and excessive force are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) Defendants Richardson and Roberts are entitled to summary judgment based on qualified immunity because they did not deprive Plaintiff of a clearly established right and their conduct was objectively reasonable.

On April 19, 2016, Plaintiff filed a response to the motion. With regard to Defendants' argument that he failed to exhaust his administrative remedies prior to filing this lawsuit, Jones admits he did not file any grievance related to his claims before bringing suit, but he contends that Defendants have no evidence that the administrative remedies available at the Hunt County Jail applied to incidents outside the jail, and specifically incidents at the Hunt County Courthouse. As to Defendants' argument that Jones's false arrest and excessive force claims are barred by *Heck v. Humphrey*, Jones concedes that *Heck* bars his false arrest claim, but he contends that genuine disputes of material fact preclude entry of summary judgment in Defendants' favor on his excessive force claim. Pl.'s Resp. 6 and note 13. Finally, Jones argues that Defendants Richardson and Roberts are not entitled to qualified immunity because there is a genuine dispute of material fact as to whether they violated his right to be free from the use of excessive force.

For the reasons that follow, the court concludes that Jones's false arrest and excessive force claims are barred by *Heck*. The court also concludes that Jones's claim that he was deprived of adequate medical care when he returned to the Hunt County Jail, as well as all claims he is seeking

**Memorandum Opinion and Order - Page 5**

to allege arising from conduct and policies or practices within the Hunt County Jail, are barred under the PLRA because he failed to exhaust his administrative remedies prior to filing this lawsuit. In light of the foregoing, the court need not reach the issue of whether Defendants Richardson and Roberts are entitled to summary judgment based on qualified immunity.

## II.   Legal Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative

defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

#### A. *Heck v. Humphrey*

In *Heck*, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the decision resulting in his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

Defendants Richardson and Roberts argue they are entitled to summary judgment because Jones's claims of false arrest and excessive force are barred by *Heck*. In his response, Jones concedes that his false arrest claim is barred by *Heck* but contends that *Heck* does not bar his excessive force claim because there are fact issues with respect to the temporal proximity of his resistance and the excessive force alleged. According to Jones, his excessive force claim does not arise out of the same facts as his conviction for resisting arrest, search, or transportation. *See* Pl.'s Resp. 6-7.

The court has reviewed the videotape in the record and concludes that the events in the videotape flatly contradict the version of the events presented by Jones. When the facts set forth by a party are overshadowed and clearly contradicted by what is shown on a videotape, a court is required to view "the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). This is exactly what the court has done in this case.

The videotape shows that Jones's resistance to transport, to which he pled guilty, is not temporally distinct from his claim of excessive force. The videotape from the interior of the courthouse shows Richardson escorting Jones down the corridor and lasts for approximately fifteen seconds. Jones admits he was resisting as he was exiting the courthouse by planting his feet. The exterior courthouse videotape shows an approximately fifty-one-second struggle where Jones can be seen resisting Defendants' attempts to bring him under control on the way to the transportation vehicle. This includes Jones pushing off of a blue car with his legs, continuing to struggle, kicking at Richardson and pushing off the tire of a nearby van. At this point, Jones is taken to the ground so that Richardson and Roberts can gain control of him. The videotape then shows Jones being placed into the transportation vehicle.

Jones relies on the case of *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008). In that case, the court held that a claim of excessive force after an arrestee had ceased resistance would not necessarily imply the invalidity of a conviction for earlier resistance. *Id.* at 498. Unlike in *Bush* and other cases cited by Jones, the videotape of the incident, as described fully above, shows that Jones's resistance to transport is not temporally distinct from his claim of excessive force. In other words, the videotape unequivocally shows that the incident involving Jones from the time he was removed from the courthouse until he was placed in the transportation van was one continuous episode that lasted approximately sixty-five seconds. Jones's claim of excessive force, therefore, will be dismissed under *Heck*, as a favorable judgment on his excessive force claim would necessarily imply the invalidity of his conviction for resisting arrest, search, or transport.

With respect to his false arrest claim, Jones has conceded that this claim is barred by *Heck*. *See* Pl.'s Resp. 6 and note 13. Accordingly, and as requested by Defendants in their reply brief, Jones's claim of false arrest will be dismissed under *Heck*, as a favorable judgment on this claim would imply the invalidity of his conviction for resisting arrest, search, or transport.

### B.  Failure to Exhaust Administrative Remedies

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even when an inmate seeks monetary damages, which may not be available through prison grievance proceedings, exhaustion is a prerequisite to filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies without any valid excuse, a court may enter judgment as a matter of law. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

The Fifth Circuit Court of Appeals has adopted a strict approach to the exhaustion requirement. *See Ferrington v. Louisiana Dep't of Corrections*, 315 F.3d 529, 531-32 (5th Cir. 2002) (finding that blindness did not excuse the plaintiff from exhausting administrative remedies and affirming district court's dismissal without prejudice of prisoner's section 1983 claims); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal for failure to exhaust

because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Parker v. Adjetey*, No. 03-40787, 2004 WL 330866 *1 (5th Cir. Feb. 20, 2004) (rejecting a claim of exhaustion based on an inmate's coma because, after he recovered, he made no attempt to file a grievance). Administrative remedies, however, may be deemed unavailable when: (1) an inmate is unable to file a grievance because of physical injury, and (2) the inmate attempts to exhaust administrative remedies by filing a grievance as soon as the injury improves, but the grievance is rejected as untimely. *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003).

It is undisputed that Hunt County has a four-step written grievance plan for inmate complaints regarding: (1) a violation of civil rights; (2) a criminal act; (3) an unjust denial or restriction of inmate privileges; and (4) prohibited acts by facility staff. Defs.' Summ. J. App. 2-3, 50. Each inmate receives a copy of the Hunt County Inmate Handbook ("Inmate Handbook"), which includes the written grievance plan. *Id.* at 3, 50. Jones acknowledged that he received and understood the Inmate Handbook. *Id.* at 3, 7, 95. During the period of his incarceration at the Hunt County Jail, Jones filed fourteen grievances. *Id.* at 8-40. Jones admits he did not file a grievance regarding any of the claims he makes in this lawsuit. *Id.* at 91-95.

In this case, Jones contends that Hunt County had a policy, practice, or custom of denying adequate medical care to individuals injured by its deputies and employees. In his response brief, Jones does not deny that he failed to exhaust administrative remedies. Instead, he argues that the grievance procedures outlined in the Inmate Handbook only apply to incidents that occur inside the jail facility, and not at the courthouse. Def.'s Resp. at 4-5. Jones's allegations concerning denial of medical care, as well as his allegations regarding Hunt County's policies, practices, and failure

to train officers, relate to his treatment after he was transported back to the Hunt County Jail, and to the conditions of his confinement more generally.

In light of Jones's concession that he failed to exhaust his administrative remedies available to him at the Hunt County Jail, which he concedes apply to alleged constitutional violations that took place at the Hunt County Jail, his remaining claims against Hunt County are dismissed for failure to exhaust administrative remedies prior to filing suit, as required by the PLRA.

### C. Attorney's Fees

Defendants request that the court award them attorney's fees as the prevailing party under 42 U.S.C. § 1983. The court declines to award Defendants attorney's fees in this action, as it is unable to conclude that Jones's lawsuit was "vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) ("[A]ttorney's fees for prevailing defendants [in a civil rights suit] are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit.").

## IV. Conclusion

For the reasons herein stated, the court **concludes** that Jones's false arrest and excessive force claims are not conceptually or temporally distinct from the facts and events underlying his conviction for resisting arrest, search, or transportation. Thus, a favorable judgment on these claims would imply the invalidity of his conviction. Jones has failed to show that his conviction for resisting arrest, search, or transportation has been reversed or otherwise declared invalid. Thus, no section 1983 claim has yet accrued, and these claims are barred by *Heck*. Moreover, Jones has conceded that his false arrest claim is barred by *Heck*. Accordingly, no genuine dispute of material

**Memorandum Opinion and Order - Page 12**

fact exists on these claims, and Defendants are entitled to judgment as a matter of law on Jones's false arrest and excessive force claims. The court, therefore, **grants** Defendants' Motion for Summary Judgment, and Jones's false arrest and excessive force claims are **dismissed with prejudice** to being asserted again unless Jones can demonstrate that the conditions set forth in *Heck* have been satisfied. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

Further, the court **concludes** that Jones has failed to exhaust his administrative remedies as required by the PLRA with respect to all remaining claims. Accordingly, no genuine dispute of material fact exists, and Defendants are entitled to judgment as a matter of law on these remaining claims. The court, therefore, **grants** Defendants' Motion for Summary Judgment, and Jones's remaining claims are **dismissed without prejudice** for failure to exhaust administrative remedies prior to filing this lawsuit, as required by the PLRA.

A judgment will issue separately as required by Federal Rule of Civil Procedure 58.

**So ordered** this **27th day** of **October, 2017.**

Sam A. Lindsay
United States District Judge